MaddeN, Judge; and LittletoN, Judge,
dissenting for the reasons stated in the dissenting opinion in Irving Nadelhaft v. United States, supra, this day decided.
*350 FINDINGS OF FACT
The court, having considered the evidence, the stipulation of facts entered into between the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. On October 1,1948, plaintiff was appointed to the position of “Social Worker” in the Veterans’ Administration in accordance with notification of personnel action, attached as Exhibit 1 to the stipulation of facts. On the day of appointment, viz, October 1, 1948, plaintiff took the required oath of office and entered on the duties of the position of “Social Worker” in the Veterans’ Administration.
2. On October 1, 1948, and at all times hereinafter mentioned, the said position of “Social Worker” in the Veterans’ Administration was a position under the competitive Civil Service of the United States. Plaintiff’s status in her position was described in the notice of personnel action, attached as Exhibit 1 to the stipulation of facts, as “Probational Appointment.” Under “Eemarks” appears the following:
Subject to investigation. SF 85 and 87 processed. Antistrike affidavit executed.
Status: Probational for one year.
3. On October 5,1948, plaintiff received the following letter from the manager of the Eegional Office of the Veterans’ Administration :
Eegional Office
VETERANS’ ADMINISTRATION
1825 H Street NW.
Washington 25, D. C., October 5,194-8.
Your file reference: In reply refer to: 12E5.
Mrs. Carmella E. Mat,

Social Worleer, Medical Division,

VA Regional Ojjice, Washington 25, D. O.

Dear Mrs. Mat: You are hereby officially notified that effective close of business today, October 5, 1948, you are suspended, without pay, until further notice. This action is caused by alleged falsification of your answer to Question No. 26 on the S. F. 57, “Application for Federal Employment” which states, “Do you advocate or have you ever advocated, or are you now *351 or have you ever been a member of any organization that advocates' the overthrow of the Government of the United States by force or violence?”
Your answer to this question on both the Form 57 which you submitted to the Board of U. S. Civil Service Examiners in August 1947, as well as the Form 57 submitted to this office upon your entrance on duty is marked “No,” whereas this office has been informed that you previously were a member of the Communist Party which has publicly been designated as an organization which advocates the overthrow of the Government of the United States by force or violence.
Your case is being investigated and you will be restored to duty or separated upon conclusion of this investigation.
Very truly yours,
(s) C. F. Naxtmowicz,

Manager.

Thereupon plaintiff was suspended without pay from the position of “Social Worker,” in which she was then employed and the duties of which she was then performing in accordance with notification of personnel action, attached as Exhibit 3 to the stipulation of facts. The pertinent part of this exhibit, under “Kemarks,” reads as follows:
Suspended for alleged falsification on SF-57.
Status: Probational.
4. Thereafter, a proceeding was instituted by the Fourth United States Civil Service Begion, Civil Service Commission, pursuant to the provisions of Executive Order 9835, to investigate the plaintiff’s suitability in respect to loyalty for employment in the Civil Service of the United States. As part of that proceeding, an Interrogatory was addressed to plaintiff; plaintiff replied fully to the interrogatory; and a hearing was duly held before a loyalty board of the Civil Service Commission, at which hearing evidence was adduced and received.
5. Subsequently, on February 28, 1950, the said Loyalty Board determined that plaintiff was “eligible on loyalty for federal employment” in the position of “Chief Social Worker” and so advised plaintiff and the Veterans’ Administration by letter dated February 28, 1950.
*352 6. On March 10,1950, plaintiff received the following letter from the Personnel Officer of the Regional Office of the Veterans’ Administration:
ReoioNal Omen 1825 H STREET NW.
Washington 25, D. 0., March 10,1950. 12R5
Mrs. Carmella R. Mat,

717 South OoT/umbus Street, Alexandra, Virginia.

Dear Mrs. Mat : Reference is made to letter from this office dated October 5,1948, by which you were officially-notified that you were suspended without pay until further notice pending the investigation of the alleged falsification of your answer to question 26 on your application forms SF57. As a result of the action recently taken in your case by the U. S. Civil Service Commission, Fourth Regional Loyalty Board, your immediate restoration to duty is considered justified.
It is requested that you report for duty to this office at 8: 00 a. m., Monday, March 13,1950.
Very truly yours,
Lincoln S. Jones,

Personnel Officer.

cc: Mr. Harry I Rand.
Plaintiff reported for and was restored to duty in the position of Social Worker in the Veterans’ Administration on March 13, 1950, pursuant to the above letter and in accordance with a notice of personnel action dated March 13,1950.
7. On May 10, 1950, the Fourth Civil Service Regional Office advised the Veterans’ Administration Regional Office that in view of the false statements made by plaintiff on her application for employment, plaintiff was rated ineligible on suitability for employment and plaintiff’s separation from the service was required. Said letter reads as follows:
United States Civil Service Commission
FOURTH UNITED STATES CIVIL SERVICE REGION
The Director, Fourth U. S. Civil Service Region, Washington 25, D. C., comprising Maryland, Virginia, North Carolina, West Virginia, and District of Columbia.
In your reply refer to File IR: HEZ: rs and date of this letter. 4.50.40930.
Mat 10,1950.
*353 OFFICE OF THE DIRECTOR, WASHINGTON 25, D. C.

Personal, and Confidential

MANAGER,
Veterans' Administration Regional Office,
"Washington, 25, D. 0.
Dear Sir : Reference is made to the appointment of Mrs. Carmella E. May to the position of Social Case Worker, Case Supervisor, effective October 1', 1948.
On the undated application, Standard Form 57, which Mrs. May submitted to the Board of U. S. Civil Service Examiners of the Veterans’ Administration, and from which she was appointed, Mrs. May replied in the negative to Question 26 which reads: “Do you advocate or have you ever advocated, or are you now or have you ever been a member of any organization that advocates the overthrow of the Government of the United States by force or violence?” On a second application which Mrs. May executed at the time she entered on duty, she gave a negative answer to this same question.
Investigation has revealed, and Mrs. May has admitted subsequent to the date of her appointment, that she was formerly a member of the Communist Party. She has attempted to explain her false statements on her applications by stating that, at the time the applications were executed, she did not believe that the Communist Party advocated violent overthrow of the United States Government during the period of her membership. This explanation is not satisfactory to this office.
In view of the false statements on her applications, Mrs. May has been rated ineligible on suitability. Her eligibilities have been cancelled, any status acquired as a result of this appointment has been cancelled, and she has been barred from competing in Civil Service examinations or accepting appointment in the Competitive Federal Service for a period of one year from, the date of this letter. In accordance with the provisions outlined in the Federal Personnel Manual, her separation from the service is required.
In effecting Mrs. May’s removal, the procedure prescribed in Zl, Part 9, Section 9.102 (1) of the Federal Personnel Manual is not applicable. Upon presentation of additional facts by either Mrs. May or the Veterans’ Administration, this office will grant further consideration in this case, providing that a request for such consideration is received in writing within thirty calendar days from the date of this letter. At the discretion of the Veterans’ Administration, the services of Mrs. May *354 may be retained pending decision of the appeal to this office and any subsequent appeal to the Board of Appeals and Eeview, U. S. Civil Service Commission. If Mrs. May appeals to this office within the limitation above mentioned, the Veterans’ Administration will be so notified.
Please notify this office of the effective date of your action in this case.
Sincerely yours,
(S) M. J. McAttliffe,

Begional Director.

cc: Mrs. Carmella E. May.
8. In accordance with the above cited letter, the Veterans’ Administration advised plaintiff by letter dated May 12, 1950, that her employment would be terminated. Said letter reads as follows:
Begional Office
1825 H STREET NW.
Washington 25, D. C., May 12,1950.
12E5
Mrs. Carmella E. Mat,
Social Service Section, Medical Division,

VA Begional Office, Washington 25, D. O.

Dear Mrs. Mat : In accordance with the instructions contained in letter from the Director, Fourth U. S. Civil Service Begion, dated May 10, 1950, file 4.50.409030, your appointment in this office must be terminated as a result of the falsification of your preemployment applications. Since pending the settlement of this question your pay has been withheld, it does not appear that any benefit would accrue to you by delaying your separation, and, therefore, such separation is to be made effective the close of business Friday, May 12,1950.
In accordance with paragraph 5 of this letter, you are at liberty to appeal the Commission’s decision regarding your case within thirty (30) days' from the date of their letter, a copy of which was furnished you direct. In submitting any such appeal, you should address it to the Begional Director, Fourth U. S. Civil Service Eegion, Third and Jefferson Drive SW, Washington 25, D. C.
Very truly yours,
Lincoln S. Jones,

Personnel Officer.

*355 Plaintiff’s separation was effected May 12, 1950, pursuant to a notice of personnel action.
9. On June 26,1950, at plaintiff’s request, the Fourth Civil Service Region held a hearing on the issue of plaintiff’s suitability. On July 5, 1950, the Fourth Region affirmed its previous rating of unsuitability. An appeal to the Board of Appeals and Review resulted in affirmance on November 29,1950, of the decision of the Fourth Region.
10. Plaintiff thereupon filed with the Veterans’ Administration a claim for payment of the compensation allegedly owing to her for the period of her suspension, viz, October 5, 1948, to March 13, 1950, less any amounts earned by her through other employment during that period. The Veterans’ Administration, however, refused and failed, and continues to refuse to pay that claim.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover and her petition is dismissed.